# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY EVANS, | : | Case No. 1:10-CV-2557 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Chief Judge Kane |
| | : | Magistrate Judge Carlson |
| PATRICK R. DONAHOE, | : | |
| Postmaster General, | : | |
| United States Postal Service, | : | |
| | : | |
| Defendant. | : | Electronically Filed |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service (USPS), respectfully submits this brief in support of the motion to dismiss Plaintiff Gary Evans' complaint. In an apparent attempt to circumvent a settlement agreement that he executed to resolve employment discrimination claims, Evans claims that his due process rights and right to representation were violated and he seeks damages under 42 U.S.C. § 1983. Because Evans' section 1983 claims are not cognizable against the USPS or the Postmaster General, this Court should dismiss the complaint.

## I. Procedural History

On December 16, 2010, Evans began this lawsuit by filing a complaint against his former employer, the United States Postal Service as represented by the Postmaster General. Evans asserts that "Jurisdiction for this proceeding is based upon 42 U.S. Code 1983." See Compl. ¶ 3. The complaint is comprised of sixty-nine paragraphs pertaining to various events that allegedly occurred prior and subsequent to the termination of Evans' employment with the USPS. Defendants filed a motion to dismiss the complaint with prejudice simultaneously with the filing of this brief.

## II. Factual Background

In the complaint, Evans finds fault in the process that he received from USPS regarding his complaints about an assault by a co-worker, his termination, and his ability to contest that termination. The USPS terminated Evans from his position as a supervisor because he falsely reported a co-worker assaulted and injured him, and because Evans was convicted of sexually assaulting a ten-year old girl by placing his hand under her clothes to touch her breasts and vagina. See Compl. ¶¶ 15-16, 37, 39, 42-44; Proposed Notice of Removal (attached to Compl. (Doc. No. 4-1) at 83-87); Notice of Removal (attached to Compl. (Doc. No. 4-2) at 4-8).

As to the allegations of filing a false injury report, Evans contends that neither local police nor the USPS Inspection Service investigated the alleged assaulted by Evans' co-worker. Compl. ¶ 19. Evans complains that USPS should have interviewed witnesses to the alleged assault and should not have pressured an employee to change his statement. Compl. ¶ 23. Evans further alleged that a USPS inspector opined that a "cover-up" had occurred, and no one ever conducted an investigation into this alleged "cover-up." See id. ¶ 20.

Sometime following the alleged attack by Evans' co-worker, USPS placed Evans in a non-duty, non-pay status. See id. ¶ 27. Evans contends he sought email messages to confirm that he was cleared to report to work for duty, but his supervisor refused to provide him with copies of those emails in violation of the Freedom of Information Act and his due process rights. See id. ¶¶ 26, 41. Indeed, Evans believes that officials deleted his emails in violation of his due process rights. See id. Also during the time he was in non-duty, non-pay status, Evans contends that a meeting he had with his supervisor violated his Sixth Amendment rights because it was a pre-disciplinary hearing, requiring he have counsel present. See id. ¶ 27.

Evans filed EEOC and MSPB actions, alleging discrimination based on religion, age, and disability. See id. ¶¶ 28, 66, 69. Evans claims his due process rights were violated during these proceedings because USPS officials ignored his

requests for mediation during the administrative process.  See id. ¶¶ 30, 32-33.  Also while his administrative actions were pending, Evans contends that the USPS violated FOIA and his due process rights by not providing him with information.  See id. ¶ 40.  Evans also alleged that his "due process rights were violated in that final agency reports were sent to the wrong address, old address, wrong attorney, former attorney, never sent at all or not received by Plaintiff."  Id. ¶ 13.

Although Evans attached an executed settlement agreement regarding his discrimination claims, see Doc. No. 4-2 at 20-24, he claims that the agreement is fraudulent and no one saw him sign it.  See Compl. ¶¶ 54, 57, 59.

Evans "demands that all available remedies under 42 USC 1983 be applied including but not limited to monetary damages, reinstatement at the Postal Service in the same time in grade."  Id. (Request for Relief).

### III.   Questions Presented

A. Whether this Court lacks jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 against the USPS, the Postmaster General, or any employee of the USPS?

B. Whether Evans failed to state a claim of a due process or Sixth Amendment violation?

**Suggested Answer:** Affirmative.

## IV.    Argument

**Standards of Review**

1. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the issue of whether the court has the power to hear the matter before it.  See Mortensen v. First Fed. Savings & Loan Assn., 549 F.2d 884, 891 (3d Cir. 1977).  "It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto."  Employers Ins. of Wausau v. Crown Cork & Seal, Co, Inc., 905 F.2d 42, 45 (3d Cir. 1990).  The plaintiff has the burden of proving that subject-matter jurisdiction exists.  See Mortensen, at 891.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint when a court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  When ruling on a Rule 12(b)(1) motion, a court may treat the motion as either a facial or factual challenge to the court's subject matter jurisdiction.  See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  Similar to the standard applied to a Rule 12(b)(6) motion, a facial challenge requires that a court consider all allegations in a complaint as true.  See Mortensen, 549 F.2d at 891.  A factual challenge does not require a court to accept the

allegations of a complaint as true, but rather, the court may weigh any evidence to satisfy itself that it does or does not have subject matter jurisdiction. See id. at 891.

The court may weigh any evidence to satisfy itself that it does or does not have subject matter jurisdiction, but it cannot consider the merits of an action until it is satisfied that the dispute falls within the class of cases or controversies to which Article III, § 2 of the United States Constitution has extended the judicial power of the United States. See Steel City Co. v. Citizens For Better Environment, 523 U.S. 83, 102 (1998). A plaintiff bears the burden of establishing that the district court has subject matter jurisdiction over the claims raised in the complaint. See Packard v. Provident Nat'l Bank, 994 F. 2d 1039, 1045 (3d Cir. 1993). A court that is without proper jurisdiction cannot proceed at all, and must dismiss the suit. See Arizonans For Official English v. Arizona, 520 U.S. 43 (1997).

    2. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim contained in a complaint. See Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must consist of, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and

should be liberally construed in his or her favor. See Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).

When there are well-plead allegations, a court should assume their veracity and then determine whether they plausibly give entitlement to relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Mere conclusions are not entitled to the assumption of truth. See Iqbal, 129 S. Ct. at 1950. There must be factual allegations to support a plaintiff's legal conclusion. See id.; see also Papasan v. Allain, 478 U.S. 265, 286 (1986); Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555 (holding "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); see also Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Connolly v. Tennis, Civ. No. 1:CV-07-1681, 2008 WL 1869750, at *6 (M.D. Pa. April 23, 2008).

To avoid dismissal for failure to state a claim, a plaintiff must plead factual allegations that support a facially "plausible" claim to relief. See Twombly, 550 U.S. at 570; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)

7

(citing Iqbal, 129 S. Ct. at 1949). The factual allegations must also be enough to raise a right to relief above the speculative level. See Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555). In Iqbal, the Court reaffirmed that a complaint will not survive a dismissal motion where it contains "[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements," and that "unadorned, the-defendant-unlawfully harmed me" allegations are insufficient. Iqbal, 129 S. Ct. 1937, 1949 (2009). This does not require that a plaintiff set out in detail the facts upon which his claim is based, however, he must demonstrate enough facts to nudge his complaint "across the line from conceivable to plausible." Twombly, 550 U.S. at 571.

### A. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE COMPLAINT BECAUSE PLAINTIFF HAS NOT IDENTIFIED ANY BASIS FOR FEDERAL COURT JURISDICITON OVER HIS CLAIMS

This Court does not have jurisdiction over Evans' due process claims and Sixth Amendment claims brought under 42 U.S.C. § 1983. See Gomez v. Feissner, Civ. No. 3:08-cv-619, 2010 WL 5463245, at *5 (M.D. Pa. Dec. 29, 2010) (citing Bethea v. Reid, 445 F.2d. 1163 (3d Cir. 1971)). The Third Circuit has held: "Section 1983 provides for a federal cause of action to redress the deprivation, under color of state law, 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Gonzalez v. Young, 560 F.2d 160, 164 (3d Cir. 1977).

"[I]t is not a jurisdictional statute, it only fashions a remedy." See id. Section 1983 liability attaches only to parties "who carry a badge of authority of a State and represent it in some capacity." N.C.A.A. v. Tarkanian, 488 U.S. 179, 191 (1988).

Courts have consistently found that "the phrase 'under of color of state law' as used in civil rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors not federal officials." Gomez, 2010 WL 5463245, at *6 (citing Quiles v. United States Dep't of Def., Civ. No. 1:09-cv-580, 2009 WL 4810188, at *5 (M.D. Pa. Dec. 10, 2009) (citing Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005) (internal quotation marks and citations omitted)); see also District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973) (noting section 1983 does not reach actions of the federal government).

The Third Circuit has explicitly held that Section 1983 provides no remedy with respect to actions by federal actors. "Because § 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from § 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998). "It is well established that liability under § 1983 will not attach for actions taken under color of federal law." Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). The only time a court can find a federal

employee or a private party liable under section 1983 is when that individual conspires with state officials to violate the plaintiff's constitutional rights. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (footnote omitted) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966)); see also Hindes, 137 F.3d at 158 (noting a federal agency is not a person subject to liability under section 1983); Melo v. Hafer, 912 F.2d 628, 638 (3d Cir. 1990) (citations omitted), aff'd on other grounds, 502 U.S. 21 (1991).

There can be no question that the actions of the USPS and its agents/employees are taken under color of federal law. Congress has defined the Postal Service as "an independent establishment of the executive branch of the Government of the United States." 39 USC § 201. Evans has not asserted that any employee of the USPS conspired with a state official to violate his constitutional rights. See, e.g., McAlister v. Potter, 733 F. Supp. 2d 134 (D.D.C. 2010) (dismissing claims against Postal Inspectors because the plaintiff had not sufficiently alleged that they acted under color of state (D.C.) law). Thus, Evans cannot establish a viable section 1983 claim against Defendant Donahoe or other USPS employees. See Washington v. V.A., No. 98-606, 1998 WL 754464, at *3 (E.D. Pa. Oct. 28, 1998) (granting motion to dismiss, holding although the plaintiff

alleged due process violations, section 1983 claim failed because the Department of Veteran Affairs is a federal agency and not a "state actor"). [1]

Therefore, this Court should dismiss Evans' complaint.

### B. EVANS FAILED TO STATE A CLAIM OF A VIOLATION OF HIS DUE PROCESS RIGHTS OR RIGHT TO COUNSEL

Even if this Court were to find that Evans could, in theory, set out claims of due process violations under section 1983 against the USPS or the Postmaster General, Evans' complaint fails to state a claim upon which relief can be granted.

The Fifth Amendment protects all persons from deprivation of "life, liberty or property, without due process of law." U.S. Const. amend. V, § 1. Evans does not have a "property" right to his public employment with USPS; and therefore any due process claim would fail. See Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 142 (3d Cir. 2000).

The Sixth Amendment provides:

---

[1] To the extent that Evans is trying to claim discrimination under section 1983, his claims fails. Evans may only sue for employment discrimination under Title VII. See Crumpton v. Potter, 305 F. Supp. 2d 465, 468 n.4 (E.D. Pa. 2004) (noting "Title VII is the sole remedy for federal employees alleging employment discrimination claims"). Evans has not asserted a claim under Title VII, but if his claims would fail because his claims are untimely and he settled all of his previous employment claims.

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.  Here, Evans did not allege he was denied counsel as part of a criminal matter, but rather at a meeting with his supervisor.  Thus, Evans' claims fail as a matter of law.  See, e.g., Lahaza v. Azeff, 790 F. Supp. 88, 93 (E.D. Pa. 1992) (citing Hullom v. Burrows, 266 F.2d 547 (6th Cir. 1959)).[2]

Moreover, "although federal courts have exercised jurisdiction to hear nonstatutory constitutional claims under certain circumstances, they will not do so when a statutory scheme provides adequate relief."  McCullers v. Chertoff, Civ. A. No. 07-4187, 2009 WL 1175629, at *2 (E.D. Pa. 2009) (citing Schweiker v. Chilicky, 487 U.S. 412, 420-23 (1988); Bush v. Lucas, 462 U.S. 367, 388-89 (1983)).  The Civil Service Reform Act of 1978 (the "CSRA") "'provides the full scheme of remedies available' for 'constitutional violations arising out of the employment relationship.'"  Id. (quoting Sarullo v. USPS, 352 F.3d 789, 795-96 & n.5 (3d Cir. 2003) (citing Mitchum v. Hurt, 73 F.3d 30, 35 (3d Cir. 1995))).  The CSRA provides federal employees with adequate relief for "job-related wrongs."  Id.  Hence, Evans' nonstatutory constitutional claims fail as a matter of law.

Finally, because Plaintiff sued the Post Master General in his official capacity, USPS is immune from suit.  See United States v. Mitchell, 445 U.S. 535, 538 (1980) (citations omitted).  The United States and its various agencies enjoy sovereign immunity, unless it has expressly waived that immunity.  See id.  The United States has not waived its sovereign immunity as to damages claims for constitutional torts.  See FDIC, 510 U.S. at 475.

---

[2] Evans has failed to assert a FOIA claim, as he does not assert that he even made a proper FOIA request to his agency.

## V.  Conclusion

Therefore, Defendant respectfully requests that this Complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

                                            Respectfully submitted,

                                            PETER J. SMITH
                                            United States Attorney

| Date:  April 25, 2011 | /s Michael J. Butler |
|---|---|
| | Michael J. Butler |
| | PA 81799 |
| Of Counsel | Assistant United States Attorney |
| Mary Ellen Krober, Attorney | Suite 220 |
| United States Postal Service | 228  Walnut Street |
| Eastern Area Law Office | P.O. Box 11754 |
| P.O. Box 40595 | Harrisburg, PA 17108-1754 |
| Philadelphia, PA 191970-0595 | Phone:  717-221-4482 |
| (215) 351-3824 | Fax:  717-221-4493 |

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY EVANS,** | : | Case No. 1:10-CV-2557 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Chief Judge Kane** |
| | : | **Magistrate Judge Carlson** |
| **PATRICK R. DONAHOE,** | : | |
| **Postmaster General,** | : | |
| **United States Postal Service,** | : | |
| | : | |
| **Defendant.** | : | Electronically Filed |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this <u>25th</u> day of April, 2011, she served a copy of the attached

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

by regular first-class mail to the address stated below

Gary Evans
121 Sunset View Drive
New Cumberland, Pa 17070

                                                   s/ Chyenna Gowdy
                                                   Chyenna Gowdy
                                                   Legal Assistant