**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY EVANS,** | : | **Civil No. 1:10-CV-2557** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN POTTER, Postmaster General,** | : | |
| **U.S. POSTAL SERVICE,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of the Case

On December 16, 2010, the plaintiff, Gary Evans, a former postal employee,

filed a *pro se* civil complaint with this Court. (Doc. 1.) The plaintiff's complaint

named the Postal Service and the Postmaster General, John Potter, as defendants, and

contained a 10-page narrative which alleged that the defendants discriminated against

the plaintiff in a variety of ways in the course of workplace discipline and discharge

decisions. (Id.) Along with his *pro se* complaint, Evans also filed some 240 pages of

exhibits, consisting largely of records relating to these disciplinary and discharge

decisions. While the defendants named in this complaint were exclusively federal

officials and agencies, Evans' *pro se* complaint alleged a single cause of action under

1

42 U.S.C. §1983, civil rights statute which applies exclusively to alleged civil rights violations committed by state officials.

Citing the fact that §1983 does not provide for civil rights claims against federal officials or agencies like the postal service or postmaster general, the defendants have now moved to dismiss this complaint. (Docs. 17 and 18.) Following the filing of this motion, Evans retained the services of counsel, who has entered an appearance in this matter on behalf of the plaintiff. (Doc. 22.) Evans' counsel has now responded to this motion to dismiss, arguing in part that Evans should be given an opportunity to amend his complaint to endeavor to state a proper cause of action under an appropriate federal civil rights statute.

We agree. Thus, while we conclude that Evans may not maintain a claim against the defendants–federal officials and agencies–under 42 U.S.C. §1983, we believe that Evans, who is now represented by counsel, should be given an opportunity to amend this complaint. Therefore, it is recommended that the claims under 42 U.S.C. §1983 be dismissed, but that Evans be afforded leave to amend his complaint to endeavor to state a cause of action upon which relief can be granted. It is further recommended that this dismissal also be entered without prejudice to the defendants asserting any defenses which they may possess to any allegations, claims and causes of action set forth in an amended complaint.

## II.   Discussion

### A.   Legal Standards Governing Motions to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal  –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F. 3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in

4

conducting a review of the adequacy of complaint, the Supreme Court has advised

trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than

mere legal labels and conclusions.  Rather, a complaint must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First, the
> factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal  conclusions.  Second, a District Court must
> then determine whether the facts alleged in the complaint are sufficient
> to show that the plaintiff has a'plausible claim for relief.' In other
> words, a complaint must do more than allege the plaintiff's entitlement
> to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the

requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what

a complaint should say and provides that:

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

**B.     In its Current Form This Complaint Fails to State A Claim Upon Which Relief Can Be Granted, But Evans Should Be Permitted to Amend His Complaint**

In this case, dismissal of this complaint is warranted because, in its present form, Evans' *pro se* complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. The flaws in the current *pro se* complaint lodged by Evans are discussed separately below.

At the outset, dismissal of this complaint is warranted here because the initial *pro se* complaint fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Evans' initial *pro se* complaint consists

of ten pages of pleadings and 240 pages of accompanying exhibits, documents that are presented without any clear context, coherence or continuity. Thus, by any standard, this 250-page submission does not contain what Rule 8 demands: "a short and plain statement of the claim showing that the pleader is entitled to relief."

It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint without prejudice under Rule 8  is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.  App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).[1]

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra;

These principles are applicable here, and compel the dismissal of this complaint without prejudice to Evans endeavoring to file a short and plain statement of a cause of action. By any standard, Evans' complaint–a 250-page tome, containing 240 pages of exhibits–is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore, Rule 8 compels dismissal of the complaint in its entirety, but without prejudice at this time to Evans, through counsel, submitting a short and plain statement of a cause of action.

Furthermore, Evans' complaint fails because the civil rights statute which he relies upon, 42 U.S.C. §1983, simply does not reach the actions of the U.S. Postal Service as a federal employer. It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two

> essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of state law when that defendant allegedly violated the Plaintiff's rights.

It is also well-settled that § 1983's state action requirement does not extend the ambit of this statute to the actions of federal officers or agencies. Quite the contrary, it is generally recognized that "the phrase 'under of color of state law' as used in civil rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors not federal officials." Gomez v. Feissner, No. 08-619, 2010 WL 5463245, at *6 (M.D. Pa. Dec. 29, 2010)(citing Quiles v. United States Dep't of Def., No. 1:09-580, 2009 WL 4810188, at *5 (M.D. Pa. Dec. 10, 2009) Thus, the United States Court of Appeals for the Third Circuit has repeatedly held that §1983 provides no remedy with respect to actions by federal actors. "Because § 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from § 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998). "It is well established that liability under § 1983 will not attach for actions taken under

color of federal law." <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001).

In short, "[b]ecause the [U.S. Postal Service] is a federal agency, [a plaintiff] cannot

maintain an action against it [under § 1983] for an alleged violation of his

constitutional rights." <u>Dubois v. Abode</u>, 142 F. App'x 62, 63 (3d Cir. 2005).

Moreover, Evans' initial *pro se* complaint names the postmaster general as a

defendant, but is bereft of any factual allegations regarding misconduct by this

defendant. It is clear that a claim of a constitutional deprivation cannot be premised

merely on the fact that the named defendant was an agency head when the incidents

set forth in the complaint occurred. Quite the contrary, to state a constitutional tort

claim the plaintiff must show that the supervisory defendant actively deprived him

of a right secured by the Constitution. <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d

902 (3d Cir. 1997); <u>see also Maine v. Thiboutot</u>, 448 U.S. 1 (1980). Constitutional tort

liability is personal in nature and can only follow personal involvement in the alleged

wrongful conduct shown through specific allegations of personal direction or of

actual knowledge and acquiescence in the challenged practice. <u>Robinson v. City of

Pittsburgh</u>, 120 F.3d 1286 (3d Cir. 1997).

> In particular, with respect to prison supervisors it is well-established that:
> "A[n individual government] defendant in a civil rights action must have
> personal involvement in the alleged wrongdoing; liability cannot be
> predicated solely on the operation of *respondeat superior*. Personal
> involvement can be shown through allegations of personal direction or
> of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d
> 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

> As the Supreme Court has observed:
>
> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal,  129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against the head of an agency based solely upon the misdeeds of subordinates. Since Evans initial *pro se* complaint fails to articulate any actions allegedly taken by defendant Potter with respect to the plaintiff, and Potter may not be held liable simply because he was the postmaster general at the time Evans was fired, the current claims against this defendant should also be dismissed.

While Evans' initial *pro se* complaint is flawed in these respects, we note that Evans has now retained counsel, who has filed a response to the motion to dismiss

which argues that Evans may be able to rely upon other federal statutes to advance employment discrimination claims in this setting.(Doc. 25.) Therefore, counsel urges the Court to permit Evans to file an amended, and counseled, complaint.

We agree that Evans should be permitted to amend this complaint. Indeed, we recognize that *pro se* plaintiffs generally should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, while Evans initially failed to state a claim upon which relief may be granted, it appears that he may be able to do so now that he has retained counsel. Therefore, it is recommended that this matter be dismissed without prejudice to Evans attempting, through counsel, to amend this federal complaint  to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss, (Doc. 17), be GRANTED, but IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to any effort by Evans  to timely allege facts and legal claims in an amended complaint

which might state a claim upon which relief may be granted, and without prejudice

to the defendants asserting any defenses which they may possess to any allegations,

claims and causes of action set forth in an amended complaint.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of July, 2011.

>                                   *S/Martin C. Carlson*
>                                   Martin C. Carlson
>                                   United States Magistrate Judge